UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 06-331(DSD/SRN)

United States of America,

        Plaintiff,

v.                                                    **ORDER**

Billy Jo Fischer,

        Defendant.


This matter is before the court upon defendant Billy Jo Fischer's objections to Magistrate Judge Susan Richard Nelson's report and recommendation, dated February 15, 2007. In her report, the magistrate judge recommended that defendant's motion to suppress evidence and motion to suppress statements be denied. For the reasons stated, the court adopts the report and recommendation of the magistrate judge in its entirety.


**DISCUSSION**

The court makes a de novo determination as to the portions of the magistrate judge's report and recommendation to which defendant objects. 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2(b).

**I.   Motion to Suppress Evidence**

Defendant objects to the magistrate judge's conclusion that suppression of evidence originally seized during Investigator Brian Cruze's search of defendant's father's Suburban and trailer on

October 20, 2005, is not warranted. During the search, Cruze located a firearm in the hood of a snowmobile. As a result of that search, Cruze proceeded to seize, among other things, the firearm and an undeveloped Kodak disposable camera. Eight months later, Cruze had the film developed, without a warrant, which produced pictures of the defendant holding what appeared to be the firearm that was seized on October 20. The film was developed in preparation for the trial of defendant's father, who had been charged with being a drug user in possession a firearm. Defendant was thereafter charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 924(e)(1) and 922(g)(1).

At the suppression hearing, Cruze testified that the disposable camera was on the floor of the Suburban's cargo area and had no markings to identify an owner. Defendant testified that he left the camera in an overnight bag in the Suburban and that he expected his father to take the bag home. It is undisputed that the camera belonged to defendant. Defendant argues that he had a possessory interest in the camera and an expectation of privacy in the undeveloped film because he purposefully left the camera in his father's Suburban. He claims that the warrantless search for the camera and the development of the film constituted violations of his Fourth Amendment right to be free from unlawful search and seizure. The magistrate judge rejected defendant's arguments and concluded that he does not have standing to challenge the seizure.

To have standing under the Fourth Amendment to challenge the lawfulness of a seizure, a defendant bears the burden to prove that he had a legitimate expectation of privacy that was violated by the challenged search. Rakas v. Illinois, 439 U.S. 128, 134 (1978); United States v. Muhammad, 58 F.3d 353, 355 (8th Cir. 1995). Specifically, a defendant must demonstrate that he had a subjective expectation of privacy that "society is prepared to recognize as objectively reasonable." Muhammad, 58 F.3d at 355. In rejecting defendant's argument, the magistrate judge considered the factors enunciated in United States v. Gomez, 16 F.3d 254 (8th Cir. 1994), and concluded that defendant lacked a subjective expectation of privacy because his "lack of possessory interest and failure to regulate access to the camera outweigh his ownership and historical use of the camera." (R&R at 8.) Nonetheless assuming a subjective possessory interest, the magistrate judge further concluded such a possessory interest is not one society would accept as objectively reasonable. The court agrees.

The unmarked, disposable camera was seized from a vehicle that did not belong to defendant, defendant was not present when it was seized and there is no evidence that he made any efforts to identify the camera as belonging to him or informing law enforcement officials that he was claiming ownership. There was no testimony that anyone present the night the Suburban was seized identified defendant as having been present or having a connection

to any of the items located within the vehicle. Had defendant desired to stake a possessory interest in the camera, he had eight months to make an attempt to do so. The film was ultimately developed in preparation for the separate criminal trial of the owner of the vehicle, his father. Although defendant emphasizes his personal relationship with the vehicle's owner, even as a passenger "a person has no reasonable expectation of privacy in an automobile belonging to another." United States v. Green, 275 F.3d 694, 699 (8th Cir. 2001). Therefore, the court adopts the magistrate judge's recommendation and denies defendant's motion to suppress evidence.

## II. Motion to Suppress Statements

Defendant objects to the magistrate judge's recommendation that his motion to suppress the admissions and statements he made on August 23, 2006, during an interview with Cruze be denied. Defendant's Fifth Amendment rights to counsel and to remain silent are well established. See Moran v. Burbine, 475 U.S. 412, 421 (1986); Michigan v. Mosely, 423 U.S. 96, 104 (1975); Miranda v. Arizona, 384 U.S. 436, 444 (1966). However, "if a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect *might* be invoking the right to counsel, [the Supreme Court's] precedents do not require the cessation of questioning." Davis v. United States, 512 U.S. 452,

4


459 (1994). Similarly, invocation of the right to remain silent requires "a clear, consistent expression of a desire to remain silent." United States v. Johnson, 56 F.3d 947, 955 (8th Cir. 1995).

In this case, the government has agreed not to introduce into evidence any statements made subsequent to when defendant told Cruze that he would "like to talk with [his] lawyer first." (Supp. Tr. 22:06.) As to the statements made prior to the quoted request for counsel, the magistrate judge determined that any reference to an attorney was ambiguous or equivocal at best and therefore continued interrogation did not violate defendant's Fifth Amendment right to counsel. The magistrate judge further found that defendant did not clearly invoke his right to remain silent. The court agrees. A reasonable officer would not have recognized defendant's initial references to his attorney or proposals that the interviewers negotiate a deal with his attorney as unequivocal demands that counsel be present. Neither can those statements be construed as a "clear, consistent expression of a desire to remain silent." Johnson, 56 F.3d at 955. Therefore, the court adopts the magistrate judge's recommendation and denies defendant's motion to suppress statements.

Following a de novo review of the file and record, the evidence introduced at the suppression hearing and the parties' submissions, the court concludes that the magistrate judge's report

and recommendation is a well-reasoned application of the protections of the Fourth and Fifth Amendment to the facts in this case. Therefore, the court adopts the report and recommendation of the magistrate judge [Docket No. 39] in its entirety.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to suppress evidence obtained as a result of search or seizure [Docket No. 12] is denied;

2. Defendant's motion to suppress statements, admissions and answers [Docket No. 16] is denied.

Dated:  March 20, 2007

<div style="text-align: right;">
s/David S. Doty
David S. Doty, Judge
United States District Court
</div>